FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>JOSE JESUS MIRANDA-REYES, *also known as Jose Miranda*,<br><br>        Defendant. | No. 1:16-cr-02005-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE CONVICTION OR TERMINATE SUPERVISION** |

Defendant was convicted of illegally reentering the United States after previously being ordered removed. A predicate to that offense was a valid order of removal, and in this case the Government relied on three such orders. Defendant contends that all three are void because in each case, the charging document that began the removal proceeding—a Notice to Appear—omitted the address of the immigration court where it would be filed as required by the applicable regulations. But the Notice to Appear filed in Defendant's 2001 removal proceeding plainly *does* provide that information, even if it is not clearly identified as such. Defendant's argument is therefore unavailing, and the Court denies the motion without oral argument.

**BACKGROUND**

Defendant Jose Miranda-Reyes is an alleged citizen of Mexico convicted of illegally reentering the United States after previously being ordered removed. *See* ECF No. 38. Underlying his conviction were three purported orders of removal, entered in 1999, 2001, and 2005 respectively. ECF Nos. 72-5, 72-8 & 72-11. All three removal proceedings began with a Notice to Appear (NTA), each of which was followed by a Notice of Hearing (NOH) notifying Defendant of the time, date, and address of the removal hearing. ECF Nos. 72-3, 72-4, 72-6, 72-7, 72-9 & 72-10.

Defendant argues the immigration court in each removal proceeding lacked jurisdiction due to defects in the NTAs. *See* ECF No. 72 at 20–21. In order to sustain the indictment, the Government must provide only one valid order of removal. *See United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). For the reasons that follow, the Court concludes that the 2001 removal proceeding began with a valid NTA. Accordingly, the Court describes only the salient details of the notices issued in that proceeding, and need not consider Defendant's arguments regarding the 1999 or 2005 removal proceedings.

Defendant encountered immigration authorities in 2001 while serving a sentence for domestic violence in a California jail. *See* ECF No. 72-6; ECF No. 76 at 6. The Immigration and Naturalization Service drafted an NTA on April 2, 2001,

and it was served on Defendant the next day. ECF No. 81-2 at 1–2. The NTA was captioned in Defendant's name and included the address of the "Mira Loma" facility, which the parties agree is an immigration facility in Lancaster, California. ECF No. 72-6 at 1; ECF No. 72 at 7; ECF No. 76 at 6–7. The NTA alleged Defendant was a citizen of Mexico in the United States without legal authorization and directed him to appear before an immigration judge at a "date, time, and place to be set" to show cause why he should not be removed. ECF No. 72-6 at 1.

One week later, on April 9, 2001, Defendant was personally served with an NOH notifying him that the removal hearing would take place on April 26, 2001. ECF No. 72-7 at 1. The NOH directed Defendant to appear in a courtroom located at the same address listed on the NTA. *Id.* The NOH was sent from that same address, identified as the "Immigration Court" located in Lancaster, California. *Id.* On the day of the hearing, an immigration judge entered an order of removal. ECF No. 72-8 at 1. The order of removal, like the NOH, was issued from the "Immigration Court" at the same address in Lancaster. *Id.*

## LEGAL STANDARD

A predicate to a violation of 8 U.S.C. § 1326 is the existence and legal validity of a prior order of removal. *United States v. Lopez*, 762 F.3d 852, 858 (9th Cir. 2014). A defendant charged with that offense may thus obtain dismissal of the indictment by showing that the underlying order of removal is invalid. An

increasingly common way to do so, at least in this district, is to establish that the immigration court that entered the removal order lacked the jurisdiction to do so. *See Wilson v. Carr*, 41 F.2d 704, 706 (9th Cir. 1930) ("If [an] order is void on its face for want of jurisdiction, it is the duty of this and every other court to disregard it."); *United States v. Martinez-Gonzalez*, Case No. 4:19-cr-06026-SMJ, ECF No. 41 at 9 ("[T]he Court . . . concludes that the immigration court lacked jurisdiction over Defendant's removal proceedings. The order of removal is therefore void.").

Defendant attempts to do so here, arguing that a regulatory defect in the 2001 NTA deprived the immigration court of jurisdiction. ECF No. 72 at 20–21. Because his argument centers on the regulatory scheme governing removal proceedings, the Court begins there.

**A.  Regulatory Background**

Removal hearings are civil proceedings that take place before immigration courts, creatures both of statute and regulation. *See* 8 U.S.C. § 1229a(a)(1); 8 C.F.R. § 1003.09, .10. Congress delegated to these administrative tribunals, by way of the Department of Justice, exclusive jurisdiction over proceedings to determine the "inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1), (3). Pursuant to this delegation, the Attorney General promulgated regulations appointing immigration judges and defining the scope of their authority. *See* 8 C.F.R. § 1003.10(b) ("In deciding the individual cases before them . . . immigration

judges . . . may take any action consistent with their authorities under the Act and regulations."). The question in this and similar cases is what conditions must occur for an alien's removal proceeding to come "before" a particular immigration judge—worded differently, the issue is what, if anything, is required for jurisdiction to vest in an immigration court. *Id.*

The Attorney General's regulations supply an ostensibly straightforward answer: "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." 8 C.F.R. § 1003.14(a). The only "charging document" relevant here is an NTA. *Id.* at § 1003.13; *see also Martinez-Garcia v. Ashcroft*, 366 F.3d 732, 735 (9th Cir. 2004).

The regulations also dictate, in several places, what an NTA must or may include. They dictate that an NTA *should* include "the time, place and date of the initial removal hearing, *where practicable*." *Id.* at § 1003.18(b) (emphasis added). A nearby regulation provides three categories of information an NTA *must* include. *See* 8 C.F.R. § 1003.15. The first and third category are preceded by an important caveat that "[o]mission of any of these items shall not provide the alien with any substantive or procedural rights." *Id.* at §§ 1003.15(a), (c). The second category, conspicuously omitting that caveat, provides that among other things, an NTA *must* include "[t]he address of the Immigration Court" where it will be filed. 8 C.F.R.

§ 1003.15(b)(6). This latter provision also contains no qualification as to the "practicability" of including the address.

Several courts in this district, including this one, have held that an NTA which omits place-of-filing information is insufficient to vest jurisdiction in an immigration court, rendering a subsequent order of removal entered in such a case void. *See Martinez-Gonzalez*, Case No. 4:19-cr-06026-SMJ, ECF No. 41; *United States v. DelCarmen-Abarca*, No. 4:19-CR-6005-SAB, 2019 WL 2712274, at *2 (E.D. Wash. June 7, 2019); *United States v. Suchite-Ramirez*, No. 2:19-CR-118-RMP, 2019 WL 4396142, at *2 (E.D. Wash. Sept. 13, 2019).

**DISCUSSION**

Defendant argues that the 2001 order of removal is void because the NTA which began those proceedings omitted the address of the immigration court where it would be filed. ECF No. 72 at 20–21. The 2001 NTA contains only one address: the "Mira Loma" facility in Lancaster, California. *See* ECF No. 72-6 at 1. The record establishes, and the parties agree, that this facility served both as an immigration detention facility and an immigration court—the NTA indicates that Defendant was incarcerated there, and both the NOH and order of removal were issued from the "Immigration Court" at the same address. *See* ECF Nos. 72-6, 72-7 & 72-8. Nothing

in the record suggests that any other immigration court was involved in Defendant's removal proceeding.

Defendant contends that this NTA was invalid because it omitted the address of the immigration court where it would be filed. *See* ECF No. 72 at 20–21. Specifically, he argues that the NTA failed to "inform[]" him of the address where it would be filed. *Id*. at 20. On the one hand, the NTA itself does not clearly indicate that it would be filed at the Lancaster, California address, and the Government does not contend otherwise. *See* ECF No. 72-6 at 1; ECF No. 76 at 24–25. Defendant's argument nevertheless fails because the applicable regulation requires only that the NTA *include* the address where it will be filed—it is silent on where that address is to appear or in what way it must be identified. *See* 8 C.F.R. § 1003.15(b)(6). The Court presumes the Attorney General drafted with precision, and therefore will not read such requirements into the regulatory text. *See Williams v. Taylor*, 529 U.S. 362, 404 (2000).

In a similar case before this Court, an NTA included only a single address— as in this case, the immigration detention facility where the alien was held pending removal proceedings. *See United States v. Muniz-Sanchez*, 388 F. Supp. 3d 1284, 1287–88 (E.D. Wash. 2019). But in that case, the NOH and order of removal were both issued from a *different* immigration court, which strongly suggested that the address on the NTA was not the same as the address where it would be filed. *Id.* at

1288. The Court thus found that the NTA was deficient, and that the subsequent order of removal was void. *Id.*

Here, by contrast, the record strongly suggests that the address which appears on the NTA—the immigration facility where Defendant was being held and where his removal proceeding occurred—is the same address where the NTA was filed. *Compare* ECF No. 72-6 at 1 (NTA listing Lancaster, California address) *with* ECF No. 72-7 at 1 (NOH listing same address) *and* 72-8 at 1 (order of removal listing same address). Defendant points to no evidence undermining this conclusion. Accordingly, he fails to substantiate his assertion that the NTA was deficient, and the subsequent order of removal may therefore serve as a predicate to the violation of § 1326 with which he stands charged.[1]

---

[1] Defendant does not appear to argue that he was given insufficient notice of the 2001 removal hearing. If he did, that argument would fail in light of the Ninth Circuit's decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). Although the 2001 NTA omitted the date and time of the removal hearing, that information was provided to Defendant two weeks and three days prior to the hearing. *See* ECF No. 72-6 at 1; ECF No. 72-7 at 1; ECF No. 72-8 at 1. The Court thus finds that, under current Ninth Circuit precedent, Defendant was provided timely notice of the removal hearing. *Karingithi*, 913 F.3d at 1162; *see also United States v. Hernandez-Fuentes*, No. 1:18-CR-2074-SAB, 2019 WL 1487251, at *3 (E.D. Wash. Mar. 20, 2019) (holding NOH must be served at least ten days prior to removal hearing).

## CONCLUSION

Because Defendant has failed to establish that his 2016 conviction was improper, the Court will neither vacate his conviction nor terminate his period of supervised release prior to its expiration. *See Alaimalo v. United States*, 645 F.3d 1042, 1046–47 (9th Cir. 2011). The motion is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate Conviction, Alternative Motion to Dismiss Petitions and for Early Termination of Supervised Release, ECF No. 72, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 7th day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge